IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief July 7, 2006

## PHILLIPS & ASSOCIATES v. GEORGE D. BLACKBURN, ET AL.

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4686    J. Weber McCraw, Judge**

_____

**No. W2005-02914-COA-R3-CV - Filed July 25, 2006**

_____

Defendants/Appellants appeal the order of the circuit court dismissing their appeal from general sessions court based upon their failure to appear for trial in the circuit court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

George D. Blackburn, *Pro se.*

Betty G. Blackburn, *Pro se.*

Mimi Phillips and R. H. Chockley, Memphis, Tennessee, for the appellee.

**MEMORANDUM OPINION[1]**

Phillips & Associates (Plaintiff) sued George Blackburn and Betty Blackburn (Defendants). The record before us consists of what is commonly referred to as the Technical Record. However, we have gleaned from the briefs and the record that George Blackburn contracted with attorney Mimi Phillips to represent him in a divorce action and that his mother, Betty Blackburn was alleged to have signed as a guarantor for payment of the attorney's fee. Plaintiff was awarded judgment against the

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Defendants in general sessions court and Defendants appealed to the Circuit Court of Fayette County, Tennessee.

An order was filed in Circuit Court on April 12, 2005, setting the case for trial August 19, 2005, at 9:30 a.m. By order filed May 5, 2005, the matter was reset for July 29, 2005, at 9:30 a.m. That order contained a certificate of service by the circuit court clerk that a true and correct copy of the order was forwarded to all parties or attorneys of record on May 5, 2005.

The matter came on to be heard on July 29, 2005, whereupon, due to the Defendants/Appellants' failure to appear, the appeal was denied and the case remanded to general sessions court.

On August 24, 2005, George Blackburn and Betty Blackburn each filed motions to set aside the trial court's order dismissing their appeals. The motions were heard on September 26, 2005, and the motions were denied. The order recites that "[t]he Court did not find the Defendant[s'] argument or statements to be credible." The Blackburns filed a timely notice of appeal to this Court wherein they contend that the trial court was in error in denying the motion to set aside the order dismissing their appeal to circuit court. They contend that they never received notice of the order rescheduling the matter for July 29, 2005. As heretofore noted, that order contains a certificate of service by the court clerk that a copy of the order was forwarded to all parties or attorneys of record. The record before us does not contain a record of the proceedings before the trial court. Therefore, we cannot determine that the trial court abused its discretion in dismissing the appeal. Furthermore, the trial court's order expressly stated that it did not find the movants' argument or statements to be credible. Trial courts have the opportunity to observe the manner and demeanor of witnesses while they are testifying. Therefore, appellate courts accord considerable deference to the trial court's determination on issues of credibility. *Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425 (Tenn. 1989); *Mitchell v. Archibald*, 971 S.W.2d 25, 29 (Tenn. Ct. App. 1998).

The order of the trial court denying the motion to set aside its order dismissing the appeal from general sessions court is affirmed. Costs of this appeal are taxed one-half to George Blackburn and one-half to Betty Blackburn, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-2-